IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MUSIC CITY METALS CO., INC.   )
                              )
        v.                    )   NO. 3:14-0834
                              )
LUCAS BBQ CO., LTD, et al.    )


TO:     Honorable Todd J. Campbell, District Judge


# REPORT AND RECOMMENDATION

By Order entered October 21, 2014 (Docket Entry No. 34), the Court referred Plaintiff's Motion for Attorneys' Fees and Non-Taxable Expenses (Docket Entry No. 32) to the Magistrate Judge for decision. In accordance with Rules 54(d)(2)(D) and 72(b) of the Federal Rules of Civil Procedure and for the reasons stated below, the Court recommends that the Motion be granted.

Plaintiff filed this action alleging that Defendants engaged in repeated instances of willful trademark infringement, trademark counterfeiting, and copyright infringement of Plaintiff's intellectual property rights in violation of 15 U.S.C. §§ 1114, 1116, and 1125(a) of the Lanham Act and 17 U.S.C. § 501 of the Copyright Act. Plaintiff also asserted violations of Tennessee law. Defendants failed to appear and defend in the action, and an Entry of Default (Docket Entry No. 17) was entered against Defendants on July 18, 2014. By Order entered September 18, 2014 (the "Default Judgment Order")(Docket Entry No. 25), the Court, after holding a hearing on the matter, granted Plaintiff's unopposed Motion for Default Judgment and Permanent Injunction. The Court

awarded Plaintiff a total judgment of $2,850,000.00 in statutory damages[1] against Defendants for willful trademark counterfeiting and willful copyright infringement and directed Plaintiff to file its Application for Attorneys' Fees, Costs, and Expenses in accordance with the Local Rules of Court. Id. On September 19, 2014, an Entry of Judgment (Docket Entry No. 26) and a Permanent Injunction and Order (Docket Entry No. 29) were entered against Defendants.

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Rule 54.01(b) of the Local Rules of Court, Plaintiff thereafter filed its Motion for Attorneys' Fees and Non-Taxable Expenses seeking an award of $30,763.24 in attorneys' fees and non-taxable expenses. In support of its motion, Plaintiff submits the Declarations and attachments thereto of Edward D. Lanquist, Jr., and Nathan J. Bailey (Docket Entry No. 33-1), the two attorneys who represented Plaintiff in this action. No opposition to the motion has been filed by Defendants.

The Lanham Act provides that a court may award "reasonable attorney fees to the prevailing party" in exceptional cases. 15 U.S.C. § 1117(a).[2] The Copyright Act provides that a court "may, in its discretion, award costs, including reasonable attorney fees, to the prevailing party in a civil suit." Bridgeport Music, Inc. v. Dimension Films, 410 F.3d 792, 807 (6th Cir.2005) (citing 17 U.S.C. § 505). Plaintiff in this action was clearly the prevailing party, having obtained judgment in its favor, an award of statutory damages, and the entry of a permanent injunction against

---

[1] In their Motion for Default Judgment, Plaintiff elected to pursue statutory damages under 15 U.S.C. § 1117(a) of the Lanham Act and 17 U.S.C. § 504(c) of the Copyright Act instead of actual damages. See Docket Entry No. 20, at 12.

[2] Although Plaintiff in its motion refers to 15 U.S.C. § 1117(b) as the statutory basis for its request for attorneys' fees under the Lanham Act, because treble damages under Section 1117(b) were not sought by Plaintiff in its Motion for Default Judgment, nor awarded by the Court, the Court finds that the correct statutory basis for the award of attorney's fees is that contained in 15 U.S.C. § 1117(a).

Defendants. See Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc., 679 F.3d 410, 425 (6th Cir. 2012). In the Sixth Circuit, a Lanham Act case can be deemed exceptional for the purposes of awarding attorneys' fees when the acts of infringement are "malicious, fraudulent, willful, or deliberate." Eagles, Ltd. v. Am. Eagle Found., 356 F.3d 724, 728 (6th Cir. 2004) (quoting Hindu Incense v. Meadows, 692 F.2d 1048, 1051 (6th Cir. 1982)). In its Default Judgment Order, the Court, in awarding default judgment to Plaintiff, declared that Defendants had committed willful infringements. For all of these reasons, the Court finds this to be an exceptional case warranting the award of attorneys' fees. See Am. Appraisal Associates, Inc. v. W., 2006 WL 724547, *2 (M.D. Tenn. Mar. 21, 2006) (Echols, J.). Attorneys' fees are justified to Plaintiff under both the Lanham Act and the Copyright Act. The Court also finds that the discretionary award of non-taxable expenses is warranted in this action.

The Court further finds that the requested attorneys' fees and expenses are reasonable. The initial step in determining a reasonable attorneys' fee is to consider the lodestar amount, which is the number of hours reasonably expended multiplied by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005). When a plaintiff has obtained excellent results, its counsel is entitled to a "full compensatory fee," Hensley, 461 U.S. at 435, and a reduction in attorneys fees is appropriate only in "rare and exceptional cases where specific evidence requires it." Isabel, 404 F.3d at 416. The Declarations and attached exhibits submitted by Plaintiff are sufficiently detailed to satisfy Plaintiff's obligation of demonstrating that the requested hours were actually and reasonably expended in the prosecution of this case and that the hourly rate charged is reasonable. See Hensley, 461 U.S. at 433-34; Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 553 (6th Cir. 2008).

Plaintiff's submissions also satisfy the requirement of Local Rule 54.01(b)(3) that an attorneys' fee application be supported by an affidavit that, among other things, sets out "in detail the number of hours spent on each aspect of the case."

**R E C O M M E N D A T I O N**

Accordingly, the Court respectfully RECOMMENDS that Plaintiff's Motion for Attorneys' Fees and Non-Taxable Expenses (Docket Entry No. 32) be GRANTED and that Plaintiff be awarded a total of $30,763.24 in attorneys' fees and non-taxable expenses.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge